

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ANITA C RAMIREZ | § | CASE NO: 09-70051 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

### MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO EXEMPTIONS

On this day came on for consideration the Objection to Exemptions filed by the Chapter 7 Trustee (the "Trustee"), the Objection to Exemptions filed by Jose Alberto Rodriguez, Individually and Patricia Rodriguez, in her individual and representative capacities as Next Friend of Roberto Rodriguez and Maria Guadalupe Rodriguez (the "Rodriguez Family"), and the Joint No Evidence Motion for Partial Summary Judgment filed by the Rodriguez Family and the Trustee. The Court, having heard the arguments of counsel, and having reviewed the pleadings, briefs, and summary judgment evidence, finds that the Motion for Partial Summary Judgment should be granted.

### UNCONTROVERTED FACTS

Anita and Leonardo Ramirez (the "Debtors") owned approximately 100 acres of real property in Hidalgo County, Texas (the "Property"). In October, 2005, Leonardo Ramirez and Roberto Rodriguez were involved in an altercation in which Leonardo Ramirez shot Roberto Rodriguez. Leonardo Ramirez was arrested for the shooting on October 22, 2005, and was later convicted. The shooting left Roberto Rodriguez paralyzed. On November 11, 2005, the Debtors transferred all of the Property by two Gift Deeds to their children. The Deeds were prepared by an attorney at the Debtors' request and were filed of record in Hidalgo County, Texas.

The Rodriguez family sued the Debtors in State Court on February 10, 2006, for personal injury resulting from the shooting. The Rodriguez family obtained a judgment against the Debtors for $19.5 million in 2006. The Rodriguez Family filed a fraudulent transfer action in State Court, seeking to collect on their judgment. In discovery proceedings during the fraudulent transfer litigation, Anita Ramirez repeatedly testified that the Real Property belonged to her children and that she did not own any real property.

Anita Ramirez filed a no asset Chapter 7 Petition on January 16, 2009. On February 17, 2009, Leonardo Ramirez filed a no asset Chapter 7 Petition. The cases were substantively consolidated on February 19, 2009. In Anita Ramirez's case, her original schedules filed January 16, 2009, did not reflect any real property in Schedule A. In her Schedule B, number 19, "Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property" she marked "None." In her Schedule C – Property Claimed as Exempt, she did not list any claim of homestead.

On January 22, 2009, Anita Ramirez filed an Amended Schedule F and Amended Statement of Financial Affairs. She did not amend any of the information stated above and did not make a claim of homestead. This filing was her first amendment.

The Trustee filed his Motion for Relief From Stay to Prosecute Fraudulent Transfer Action on February 3, 2009. On February 5, 2009, Anita Ramirez again amended her petition, calling it her first amended (however it was her second time to amend). No changes to the relevant schedules were made.

Debtor filed an Adversary Proceeding on February 13, 2009, seeking injunctive relief and declaratory judgment against the Rodriguez Family. On that same date she removed the State Court fraudulent transfer case. On February 19, 2009, this Court granted the Trustee's Motion to Lift Stay to allow the Adversary Proceeding to go forward.

On March 16, 2009, both Debtors filed amended petitions in which, for the first time, they made a claim for homestead exemption. In Schedule A – Real Property – Amended, they listed "contingent claim of urban homestead prior to 2004, 100 Hidalgo County, Texas." Likewise, Schedule B – Personal Property – Amended, question number 21, lists "Contingent claim of rural homestead prior to 2005 due to contested matter regarding homestead status, 100 Acres in Hidalgo County, Texas." In Schedule C – Property Claimed as Exempt – Amended, the Debtors listed under Real Property "contingent claim of urban homestead prior to 2004, 100 Hidalgo County, Texas.

The Trustee filed his Objection to Exemptions on March 19, 2009. The First Meeting of Creditors was held March 26, 2009. The Rodriguez family also filed their Objection to Exemptions on March 30, 2009. A hearing on the objections was held June 24, 2009, and reset to a final hearing on July 2, 2009. The Debtors filed an Amended Schedule C – Property Claimed as Exempt - Amended, on June 26, 2009, in which, under the Real Property heading, they claimed as follows:

> Contingent claim of rural homestead: 70.32 Acres Lot 1, G.O. Newmans's Subdivision, El Benadito grant Hidalgo county, TX; 13.09 Acres of share No 172, Tract 165, Los Ejidos de Reynosa Viejo Partition, Hidalgo County, Texas; .23 Acres of Tract 165, los Ejidos de Reynosa Viejo Partition, Hidalgo County, TX; Track 164,(2 acres), Partition of Los Ejidos de Reynosa Viejo Grant, Hidalgo County, TX; the South 14,36 acres of tract 168 Los Ejidos de Reynosa Viejo Grant, Hidalgo County, Texas, (100 acres rural total)

The Trustee and the Rodriguez Family filed amended or supplemental Objections to Exemptions, responding to the Debtors' latest amendments. On July 2, 2009, this Court held a hearing on the Objections to Exemptions. The Court announced its intention to consider partial summary judgment on the issues of Section 522(g) of the Bankruptcy Code. Thereafter, the Trustee and the Rodriguez Family filed their Joint No-Evidence Motion for Summary Judgment. A hearing was held on the summary judgment motion and responses thereto on August 26, 2009.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment.[1] Only disputes about material facts will preclude the granting of summary judgment.[2] In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists.[3] If the non-movant bears the burden of proof at trial, the movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case.[4]

Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate.[5] "This burden is not satisfied with 'some metaphysical doubt as to the material,' . . . by 'conclusory allegations,' . . . by

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)( "[T]he substantive law will identify which facts are material."); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[2] *Anderson,* 477 U.S. at 248, ("[T]he substantive law will identify which facts are material.").
[3] *Latimer v. Smithkline & French Lab*., 919 F.2d 301, 303 (5th Cir. 1990).
[4] *Id.*; *Little,* 37 F.3d at 1075.
[5] *Little*, 37 F.3d at 1075 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325(1986)).

'unsubstantiated assertions,' or by only a 'scintilla of evidence.'"[6] Rather, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'"[7] In determining whether a genuine issue for trial exists, the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant.[8] If the non-movant fails to meet this burden, then summary judgment is appropriate.[9]

## DISCUSSION

The sole issue before the court is whether the Debtors may claim the Property as their homestead if it is recovered by the Trustee in the fraudulent transfer action. Section 522(g)(1) of the Bankruptcy Code is controlling:

> (g) Notwithstanding sections 550 and 552 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> >
> > (B) the debtor did not conceal such property.

- - 11 U.S.C. §522(g)(1)

Debtors claimed a contingent right in the Property in their amended schedules. Therefore, although the Rodriguez Family's and the Trustee's fraudulent transfer action has not been decided, this Court may consider the objections to the Debtors' claim of a contingent right. If the Debtors may not claim the Property as exempt based on Section 522(g), there is no need to determine whether the Property is rural or urban, which is an issue in the

---

[6] *Id.* (quoting *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).
[7] *Matsushita*, 475 U.S. at 587 (*quoting* FED. R. CIV. P. 56(e)).
[8] *Anderson,* 477 U.S. 242 at 248; *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).
[9] *Tubacex, Inc. v. M/v Risan*, 45 F.3d 951, 954 (5th Cir. 1995)(citing *Celotex,* 477 U.S. at 323).

pending Adversary Proceeding. Accordingly, this Court turns it attention to the relevant statute.

The uncontroverted facts demonstrate that the Debtors' transfer of the Property to their children in November, 2005, was voluntary. In fact, Debtors do not dispute the voluntariness of the transfers. The gift deeds were prepared by an attorney on the Debtors' behalf, were signed by the Debtors, and were filed in the real property records. The Court finds that the transfers were voluntary.

The second requirement under Section 522(g)(1)(B) is whether the property was concealed. The summary judgment evidence shows that the Debtors concealed the property. In their arguments, Debtors confuse concealment of the property versus concealment of the transfers. True, the transfers were disclosed when the deeds were filed in the real property records. However, the Property was concealed by the Debtors from November, 2005, until they amended their schedules on March 16, 2009. During that entire time the Debtors claimed that they owned no real property and that the Property belonged to their children.

At Anita Ramirez's First Meeting of Creditors, she testified the following under oath:

"The property is not mine, The property is not mine. I don't have any property."

"The property, it was theirs. They are the owners. Nobody else."

"No, I am not the owner of any real estate."

In various depositions related to the State Court fraudulent transfer action, Anita Ramirez repeatedly denied owning any real property and maintained that her sons owned all the property. More telling is the fact that Anita Ramirez concealed the transfer at her meeting

of creditors. The Trustee inquired: "Okay. Now, I'm going to ask the question with a longer period of time. Have you transferred, given or sold any property within the last four (4) years to any person, business associates, or family members? It's the same question but now four years instead of the one (1) year." Anita Ramirez answered: "No, because they are the owners."

The Court finds that the Debtors' conduct constitutes concealment of the property. Not until they realized that the Property might be recovered by the Trustee did the Debtors change their position and claim that they had a contingent right in the Property which they intended to claim as exempt if recovered. "[C]oncealment of an asset will bar exemption of that asset." *In re Doan*, 672 F.2d 831,833 (11th Cir. 1982), *citing Stewart v. Ganey,* 116 F.2d 1010 (5th Cir. 1941). In *Doan, supra*, the Court held that the evidence did not support a finding of concealment because the debtors disclosed the asset in their initial filing and fully disclosed the information to the trustee when questioned. Conversely, in the case at bar the Debtors voluntarily transferred the Property to their children after Leonardo Ramirez's arrest, purportedly to make themselves judgment proof. Moreover, Anita Ramirez repeatedly denied under oath owning any real property and Debtors did not amend their schedules to claim the contingent homestead until their third amendments were filed.

The principle underlying bankruptcy courts' unwillingness to allow exemption of undisclosed property was set out by the Seventh Circuit Court of Appeals:

> The [debtors'] omissions from the initial list suggest that they meant to hide assets if they could get away with it…. The operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive."

-- *Matter of Yonikus,* 996 F.2d 866, 872 (7th Cir. 1993), *cert. denied*, 475 U.S. 1085 (1986).

Here Debtors admit in their Objection and Response to No Evidence Motion for Summary Judgment that they were "not aware at the inception of [their] filing that the Trustee intended to file pleadings to void or set aside the prior transfers of [their] homestead and bring said homestead property back into the estate." Their own admissions suggest that Debtors were content to conceal the Property as long as there was no risk that it could reach the hands of their creditors. The Court need not reach the question of whether Debtors' amendments should be disallowed on the basis of bad faith because this case fits squarely within Section 522(g)(1) of the Bankruptcy Code.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion for Partial Summary Judgment should be granted and the Rodriguez Family's and the Trustee's Objection to Exemptions should be sustained. The Court finds that the Debtors' November 2005, transfer of the Property was voluntary and the Debtors concealed the property thereafter. Accordingly, if the Trustee successfully recovers the Property, the Debtors may not claim it as exempt.

It is therefore ORDERED that the Motion for Partial Summary Judgment is hereby GRANTED.

It is further ORDERED that the Objection to Exemptions filed by the Trustee and the Rodriguez Family, together with amended objections, is hereby SUSTAINED as set forth herein and the Debtors may not claim the Property as their exempt homestead.

Dated: 11/19/2009

*[signature]*

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge